EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

SANDRA ROJAS,

                Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION, and COSTCO
WHOLESALE MEMBERSHIP, INC.,

                Defendants.

---

Filed:_____

INDEX NO.

Plaintiff designates
**QUEENS** County as the
place of trial.

**S U M M O N S**

The basis of venue is the
plaintiff's, Sandra Rojas,
residence, located at 170-01
116th Avenue, Jamaica, NY
11434.

### To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Mineola, New York
       August 3 2021

                            *Andrew Wiese*
                        **By: Andrew Wiese**
                        **WIESE & AYDINER, PLLC**
                        Attorneys for Plaintiff
                        344 Willis Avenue
                        Mineola, New York 11501
                        (212) 471-5108

TO:    COSTCO WHOLESALE CORPORATION
         605 Rockaway Turnpike, Lawrence, NY

         COSTCO WHOLESALE MEMBERSHIP GROUP, INC.
         605 Rockaway Turnpike, Lawrence, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO.

SANDRA ROJAS,

      Plaintiff,

**VERIFIED COMPLAINT**

-against-

COSTCO WHOLESALE CORPORATION, and COSTCO WHOLESALE MEMBERSHIP, INC.,

      Defendant.

Plaintiff, by her attorneys, WIESE & AYDINER, PLLC, as and for her Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, SANDRA ROJAS, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

2. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the State of New York.

3. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

5. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned was and still is a partnership doing business in the County of Nassau and the State of New York.

6. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein

mentioned was and still is a limited liability partnership doing business in the County of Nassau and the State of New York.

7. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Nassau and the State of New York.

8. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Nassau and the State of New York.

9. At all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, transacted business within the State of New York.

10. At all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, derived substantial revenue from interstate or international commerce.

13. At all times herein mentioned, SANDRA ROJAS, was lawfully on the premises located at 605 Rockaway Turnpike, Lawrence, NY.

14. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, owned the premises located at 605 Rockaway Turnpike, Lawrence, NY.

15. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, was one of the owners of the premises located inside the premises located at 605 Rockaway Turnpike, Lawrence, NY.

16. At all times herein mentioned, the defendant, COSTCO WHOLESALE

CORPORATION, was a lessor of the premises located at 605 Rockaway Turnpike, Lawrence, NY.

17. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, was a lessee of the premises located at 605 Rockaway Turnpike, Lawrence, NY.

18. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, did business as Costco Wholesale at the premises located at 605 Rockaway Turnpike, Lawrence, NY.

19. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees operated the premises located at 605 Rockaway Turnpike, Lawrence, NY.

20. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees maintained the premises located at 605 Rockaway Turnpike, Lawrence, NY.

21. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees managed the premises located at 605 Rockaway Turnpike, Lawrence, NY.

22. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees controlled the premises located at 605 Rockaway Turnpike, Lawrence, NY.

23. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees controlled shopping carts within the premises located at 605 Rockaway Turnpike, Lawrence, NY.

24. At all times herein mentioned, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees supervised the premises located at 605 Rockaway Turnpike, Lawrence, NY.

25. On or before November 22, 2020, the defendant, COSTCO WHOLESALE

CORPORATION, defendant's servants, agents and/or employees repaired the premises located at 605 Rockaway Turnpike, Lawrence, NY.

26. On or before November 22, 2020, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees inspected the premises located at 605 Rockaway Turnpike, Lawrence, NY.

27. On or before November 22, 2020, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees constructed the premises located at 605 Rockaway Turnpike, Lawrence, NY.

28. On or before November 22, 2020, the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees designed the premises located at 605 Rockaway Turnpike, Lawrence, NY.

29. At all times herein mentioned, it was the duty of the defendant, COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees to maintain said premises located at 605 Rockaway Turnpike, Lawrence, NY, in a reasonably safe and suitable condition and in good repair.

30. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the State of New York.

31. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

32. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

33. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., at all times herein mentioned was and still is a partnership doing business in the County of Nassau and

the State of New York.

34. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., at all times herein mentioned was and still is a limited liability partnership doing business in the County of Nassau and the State of New York.

35. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., at all times herein mentioned was and still is a limited liability corporation doing business in the County of Nassau and the State of New York.

36. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of Nassau and the State of New York.

37. At all times herein mentioned, defendant, COSTCO WHOLESALE MEMBERSHIP, INC., transacted business within the State of New York.

38. At all times herein mentioned, defendant, COSTCO WHOLESALE MEMBERSHIP, INC., derived substantial revenue from goods used or consumed or services rendered in the State of New York.

39. At all times herein mentioned, defendant, COSTCO WHOLESALE MEMBERSHIP, INC., expected or should reasonably have expected its acts to have consequences in the State of New York.

40. At all times herein mentioned, defendant, COSTCO WHOLESALE MEMBERSHIP, INC., derived substantial revenue from interstate or international commerce.

41. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., owned the premises located at 605 Rockaway Turnpike, Lawrence, NY.

42. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., was one of the owners of the premises located at 605 Rockaway Turnpike, Lawrence, NY.

43. At all times herein mentioned, the defendant, COSTCO WHOLESALE

MEMBERSHIP, INC., was a lessor of the premises located at 605 Rockaway Turnpike, Lawrence, NY.

44. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., was a lessee of the premises located at 605 Rockaway Turnpike, Lawrence, NY.

45. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., did business as Costco Wholesale at the premises located at 605 Rockaway Turnpike, Lawrence, NY.

46. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees operated the premises located at 605 Rockaway Turnpike, Lawrence, NY.

47. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees maintained the premises located at 605 Rockaway Turnpike, Lawrence, NY.

48. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees managed the premises located at 605 Rockaway Turnpike, Lawrence, NY.

49. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees controlled the premises located at 605 Rockaway Turnpike, Lawrence, NY.

50. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees controlled shopping carts within the premises located at 605 Rockaway Turnpike, Lawrence, NY.

51. At all times herein mentioned, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees supervised the premises located at 605 Rockaway Turnpike, Lawrence, NY.

52. On or before November 22, 2020, the defendant, COSTCO WHOLESALE

MEMBERSHIP, INC., defendant's servants, agents and/or employees repaired the premises located at 605 Rockaway Turnpike, Lawrence, NY.

53. On or before November 22, 2020, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees inspected the premises located at 605 Rockaway Turnpike, Lawrence, NY.

54. On or before November 22, 2020, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees constructed the premises located at 605 Rockaway Turnpike, Lawrence, NY.

55. On or before November 22, 2020, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees designed the premises located at 605 Rockaway Turnpike, Lawrence, NY.

56. At all times herein mentioned, it was the duty of the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., defendant's servants, agents and/or employees to maintain said premises located at 605 Rockaway Turnpike, Lawrence, NY, in a reasonably safe and suitable condition and in good repair.

57. The defendants, its agents, servants, and/or employees, were negligent, careless, and reckless in the ownership, operation, management, maintenance, control, supervision, inspection, and repair of the premises located at 605 Rockaway Turnpike, Lawrence, NY in the following manner, including but not limited to: in failing to keep shopping carts under control; in failing to move shopping carts, carts, wagons and other devices and machines in a safe manner; in failing to wait until there was a clear path before moving shopping carts, machines and other devices; in causing a cart, shopping cart, wagon, machine or other moving device to come in contact with plaintiff and her cart; in failing to wait for a clear and safe path before moving carts, shopping carts, wagons, machines and other devices; in causing and creating a dangerous and unsafe condition and being negligent by having its employee fail to wait for a safe and clear path while operating and or moving a cart, shopping cart, wagon, machine or other moving device

that struck plaintiff; in failing to pay attention while operating and or moving a cart, shopping cart, wagon, machine or other moving device; in failing to see what was there to be seen; in failing to properly observe and see plaintiff before causing the subject contact; in performing these negligent acts while in the course of scope of his or her employment for defendants; in causing the plaintiff to become seriously injured; in causing, allowing, and permitting the subject sales floor to be in a dangerous, defective, unsafe and hazardous condition; in permitting the sales floor to present a serious injury hazard; in failing to maintain safe, adequate, and proper lighting in and around the sales floor; in causing, allowing; in failing to warn, notify, or inform of the dangerous and unsafe condition inside the subject premises; in failing to warn, notify, or inform of, or wait until it was safe to move the cart, shopping cart, wagon, machine or other moving device; in failing to barricade, cordon off, or otherwise prevent access to and/or use of the dangerous and unsafe sales floor; in failing to provide the Plaintiff with a safe, proper, and adequate means of walking when using the sales floor; in negligently moving store equipment with disregard to the Plaintiff herein; in failing to timely, properly, and adequately inspect the sales floor for serious injury hazards; in improperly inspecting the sales floor; in improperly designing, installing, and constructing the interior sales floor; in failing to properly hire, train, supervise, direct, and manage its agents, servants, and/or employees; and in improperly hiring, training, supervising, directing, and managing its agents, servants, and/or employees; in failing to properly train and instruct employees, agents and servants with regard to safety procedure; in failing to take the necessary and requisite steps to prevent this foreseeable occurrence; in failing to train its employees or agents on the proper use of cart, shopping cart, wagon, machine or other moving device on the premises such that patrons would not be struck; all of which the Defendants had or should have had by reasonable inspection, notice and/or knowledge of; all of which the Defendants had actual written or other notice of, or should have had by reasonable inspection, notice and/or

knowledge of; and in addition to and in the alternative to all the aforementioned acts of negligence, the Defendants was negligent under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the Defendants failed to use that degree of care and caution warranted under all of the surrounding circumstances.

58. On or about November 22, 2020, plaintiff, SANDRA ROJAS, was caused to be injured when she and a cart she was utilizing at the subject premises were struck by a cart, shopping cart, wagon, machine or other moving device that was being operated and maneuvered by defendants, their employees, agents and/or servants at the premises located at 605 Rockaway Turnpike, Lawrence, NY.

59. Solely as a result of the defendants' negligence, carelessness and recklessness, SANDRA ROJAS was caused to suffer severe and serious personal injuries to mind and body, and further, that SANDRA ROJAS was subjected to great physical pain and mental anguish.

60. By reason of the foregoing, SANDRA ROJAS was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and SANDRA ROJAS will be permanently caused to suffer pain, inconvenience and other effects of such injuries; SANDRA ROJAS incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and SANDRA ROJAS will be unable to pursue SANDRA ROJAS' usual duties with the same degree of efficiency as prior to this accident, all to SANDRA ROJAS' great damage.

61. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to her usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will

be required to expend additional sums of money for medical care in the future to attend to her injuries which she believes to be of a permanent nature.

62. As a result of the foregoing negligence of the defendants, the plaintiff has expended and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

63. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

64. Due to defendants' negligence, plaintiff is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Mineola, New York
       July 28, 2021

*Andrew Wiese*

**By: Andrew Wiese**
**WIESE & AYDINER, PLLC**
Attorneys for Plaintiff
344 Willis Avenue
Mineola, New York 11501
(212) 471-5108

SUPREME COURT OF THE STATE OF NEW YORK　　　　INDEX NO.
COUNTY OF QUEENS

**ATTORNEY'S VERIFICATION**

SANDRA ROJAS,

　　　　　　　　　　Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION, and COSTCO WHOLESALE MEMBERSHIP, INC.,

　　　　　　　　　　Defendants.

---

Andrew Wiese, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am of the firm of WIESE & AYDINER, PLLC, the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because she is not in the County of Nassau, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: Mineola, New York
　　　　July 28, 2021

　　　　　　　　　　　　　　*Andrew Wiese*
　　　　　　　　　　　　　　Andrew Wiese, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
SANDRA ROJAS,

                              Plaintiff/Petitioner,

     - against -                                   Index No.

COSTCO WHOLESALE CORPORATION, and COSTCO
WHOLESALE MEMBERSHIP, INC.,

                              Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 3, 2021

Andrew Wiese, Esq.
Name
WIESE & AYDINER, PLLC
Firm Name

344 Willis Avenue
Address

Mineola, NY 11501

212-471-5108
Phone

andrew@wiese.law
E-Mail

To:   COSTCO WHOLESALE CORPORATION

      COSTCO WHOLESALE MEMBERSHIP, INC